# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **UNITED STATES of AMERICA** ) | |
| ) | |
| v. ) | Criminal No. |
| ) | 05-40023-FDS |
| **THOMAS EUGENE MARTIN,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER ON
## DEFENDANT'S MOTION TO REDUCE SENTENCE

**SAYLOR, J.**

Defendant Thomas Eugene Martin pleaded guilty in November 2006 to drug charges and was sentenced to a term of imprisonment. He now seeks a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in light of amendments to the United States Sentencing Guidelines concerning crack cocaine offenses. For the reasons stated below, the motion will be denied.

**I.     Background**

On November 22, 2006, Martin pleaded guilty to one count charging him with distribution of cocaine base, in the form of crack cocaine, in violation of 21 U.S.C. § 841(a)(1).

After repeated continuances (granted in order to delay sentencing until resolution of a legal issue in another case pending on appeal), on January 22, 2009, this Court conducted a sentencing hearing. The Court determined that Martin was a career offender within the meaning of Section 4B1.1 of the sentencing guidelines. The offense level based on drug quantity would have been 23, but the career offender guideline raised it to 31 and mandated a criminal history category of VI. The resulting guideline range was 188 to 235 months. Based on certain

mitigating facts, the Court imposed a non-guideline sentence of 108 months. That sentence represented a substantial downward departure of 80 months, or nearly seven years, from the applicable guideline range.

On December 2, 2011, Martin filed a motion to reduce his sentence pursuant to 18 U.S.C. §3582(c)(2) in light of changes to the sentencing of crack cocaine cases under the Fair Sentencing Act of 2010 ("FSA"), Pub. L. No. 111-220, 124 Stat. 2372, and Amendments 748 and 750 to the sentencing guidelines. The guidelines amendments mitigated the disparity between powder and crack cocaine sentencing by reducing the base offense level assigned to each threshold quantity of crack cocaine on the Drug Quantity Table in Section 2D1.1 of the guidelines and by giving the revisions retroactive effect.

**II.     Analysis**

The motion to reduce sentence will be denied, as this Court is without authority to reduce a sentence retroactively that was based on the career offender guideline, rather than the crack cocaine guideline.

As noted, Martin was sentenced under the career offender guideline, U.S.S.G. § 4B1.1, and not the crack cocaine guideline contained in the Drug Quantity Table, U.S.S.G. § 2D1.1. In accordance with the career offender guideline, the Court calculated the offense level based on the statutory maximum sentence. *See* U.S.S.G. § 4B1.1(b). The resulting level was 34, which was reduced to 31 for acceptance of responsibility. *See* U.S.S.G. § 3E1.1(a)-(b).

A court may reduce a sentence based on a guideline range after the applicable range "has subsequently been lowered . . . if such a reduction is consistent with applicable policy statements of the Sentencing Commission . . . ." 18 U.S.C. § 3582(c)(2). The guideline manual provides

"applicable policy statements" for sentence reduction, including a list of amendments to the guidelines to be given retroactive effect. U.S.S.G. § 1B1.10(c). However, that list of retroactive amendments is exclusive—that is, a court may not adjust sentences that result from guidelines other than those revised by the amendments listed in Section 1B1.10(c). *Id.* § 1B1.10(b) ("the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced and shall leave all other guideline application decisions unaffected.").

Although it is included in the list of retroactive guideline revisions under Section 1B1.10(c), Amendment 750 does not support a reduction in Martin's sentence under 18 U.S.C. § 3582(c)(2), because it does not alter the career offender guideline calculation. Amendment 750 concerns the drug quantity table for crack cocaine offenses in Section 2D1.1. U.S.S.G. App. C, Amend. 750 (Nov. 1, 2011). It therefore has no bearing on the sentences of career offenders who were sentenced pursuant to Section 4B1.1. *Id.* (explaining that career offender sentences under Section 3B1.1 "are unaffected by a reduction in the Drug Quantity Table" in Section 2D1.1). Moreover, the Guidelines Manual expresses a policy disfavoring reductions based on guideline amendments when, as here, the defendant has already benefitted from a downward departure from the guideline range in effect at the time of sentencing. U.S.S.G. § 1B1.10(b)(2)(B) ("[I]f the original term of imprisonment constituted a non-guideline sentence determined pursuant to 18 U.S.C. 3553(a) and *United States v. Booker*, 543 U.S. 220 (2005), a further reduction generally would not be appropriate."). Thus, Amendment 750 does not authorize this Court to reduce Martin's sentence pursuant to 18 U.S.C. § 3582(c)(2) because the amendment is inapplicable. Furthermore, the Court cannot reduce the sentence unless authorized

by § 3582.

## III. Conclusion

For the foregoing reasons, defendant's motion to reduce sentence is DENIED.

**So Ordered.**

|  |  |
|---|---|
|  | /s/ F. Dennis Saylor |
|  | F. Dennis Saylor IV |
| Dated: June 21, 2012 | United States District Judge |